## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF WISCONSIN

DUANE A. BLOCH,

        Plaintiff,

v.                                                                          Case No. 06-C-1150

MICHAEL J. ASTRUE,[1] Commissioner
of the Social Security Administration,

        Defendant.

## DECISION AND ORDER

### NATURE OF CASE

The plaintiff, Duane A. Bloch, commenced this action on November 6, 2006, seeking judicial review of the final decision of the Commissioner of the Social Security Administration (Commissioner), pursuant to 42 U.S.C. § 405(g), denying his application for disability insurance benefits under Title II of the Social Security Act, 42 U.S.C. § 423(d). The parties have consented to United States magistrate judge jurisdiction pursuant to 28 U.S.C. § 636(c) and General L.R. 73.1 (E.D. Wis.). The plaintiff's appeal will be addressed herein.

### PROCEDURAL HISTORY

On January 31, 2003, the plaintiff filed an application for disability insurance benefits, alleging that he became disabled on March 6, 2001, due to chronic obstructive pulmonary disease (COPD) and diabetes mellitus. The plaintiff's application was denied initially and upon reconsideration. Pursuant to the plaintiff's request, a video hearing was held before an Administrative Law Judge (ALJ) on March 24, 2006. The plaintiff, represented by counsel,

---

[1]The court has amended the caption to substitute Michael J. Astrue, Commissioner of the Social Security Administration, as the defendant in this case. On February 12, 2007, Michael J. Astrue became Commissioner of the Social Security Administration. Pursuant to Fed. R. Civ. P. 25(d)(1) and the last sentence of 42 U.S.C. § 405(g), Michael J. Astrue is automatically substituted as the defendant in this action.

appeared at a teleconference center in Milwaukee, Wisconsin and the ALJ presided over the hearing from Houston, Texas. Vocational Expert Herman Litt also testified.

The ALJ issued his decision on April 25, 2006, finding that the plaintiff was not disabled. The ALJ concluded that the plaintiff does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments in 20 C.F.R. Pt. 404, Subpt. P, App. 1. In addition, the ALJ concluded that, based on the testimony of the vocational expert, considering the claimant's age, education, work experience, residual functional capacity and environmental restrictions, the plaintiff has been capable of making a successful adjustment to other work that exists in significant numbers in the national economy. The ALJ's decision became the Commissioner's final decision when the Appeals Council denied the plaintiff's request for review.

The history of this case is well summarized in the record. Consequently, the court will only engage in a limited discussion of the facts relevant to this decision.

## **APPLICABLE LAW**

The Social Security Act authorizes disability benefits for those who are unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 423(d)(1)(A). In order to found disabled, a plaintiff must demonstrate that his physical or mental impairments prevent him from doing not only his previous work, but any other substantial gainful employment which exists in the national economy considering his age, education, and work experience. 42 U.S.C. § 423 (d)(2)(A).

In order to determine whether a plaintiff is so disabled, the ALJ is required to evaluate in sequence: 1) whether the plaintiff is currently employed; 2) whether the plaintiff has a severe

-2-

Case 2:06-cv-01150-PJG   Filed 12/07/07   Page 2 of 11   Document 16

impairment; 3) whether his impairment meets or equals one of the impairments listed in 20 C.F.R. Pt. 404, Subpt. P, App. 1, which the Commissioner acknowledges to be conclusively disabling; 4) whether the plaintiff can perform his past relevant work; and 5) whether the plaintiff is capable of performing any other work existing in significant numbers in the national economy given his age, education and work experience. See Clifford v. Apfel, 227 F.3d 863, 868 (7th Cir. 2000); Knight v. Chater, 55 F.3d 309, 313 (7th Cir. 1995); Wolfe v. Shalala, 997 F.2d 321, 322-3 (7th Cir. 1993). If a plaintiff satisfies steps one, two and three, he will automatically be found disabled. If a plaintiff satisfies steps one and two, but not three, then he must satisfy step four. Once step four is satisfied, the burden shifts to the Commissioner to establish that the plaintiff is capable of performing work in the national economy. Knight, 55 F.3d at 313. The plaintiff bears the burden at steps one through four, after which at step five, the burden shifts to the Commissioner. Briscoe ex rel. Taylor v. Barnhart, 425 F.3d 345, 352 (7th Cir. 2005); Young v. Barnhart, 362 F.3d 995, 1000 (7th Cir. 2004). The process is sequential, and if the ALJ can make a conclusive finding at any step that the claimant either is or is not disabled, then the ALJ need not progress to the next step. 20 C.F.R. § 404.1520(a)(4).

To expedite the carrying of this burden, the Commissioner has promulgated 20 C.F.R. Part 404, Subpart P, App. 2, the "Medical-Vocational Guidelines," commonly referred to as the "grid." The rules of the "grid" reflect the analysis of the various vocational factors (that is age, education and work experience) in combination with the individual's residual functional capacity (his maximum sustained work capability for sedentary, light, medium, heavy or very heavy work) in evaluating the individual's ability to engage in substantial gainful activity in other than his vocationally relevant past work.

-3-

Where the findings of fact, made with respect to a particular individual's vocational factors and residual functional capacity coincide with all of the criteria of a particular rule, the rule directs a conclusion as to whether the individual is or is not disabled. See Haynes v. Barnhart, 416 F.3d 621, 627 (7th Cir. 2005). However, each of these findings of fact is subject to rebuttal and the individual may present evidence to refute said findings. Where any of the findings of fact do not coincide exactly with the corresponding criteria of a rule, the rule does not apply in that particular case and, accordingly, does not direct a conclusion of disabled or not disabled. Id. at 627-28.

Nonetheless, the Commissioner is permitted to conclude that a nonexertional limitation, while present, has no significant impact on an individual's capacity to perform the range of work he is otherwise exertionally capable of performing, making proper application of the grid. Caldarulo v. Bowen, 857 F.2d 410, 413 (7th Cir. 1988) (citing Smith v. Schweiker, 735 F.2d 267, 272 n.3 [7th Cir. 1984]). In any event, there must be reliable evidence of some kind which would persuade a reasonable person that the limitations in question do not significantly diminish the employment opportunities otherwise available. Ehrhart v. Secretary of Health and Human Services, 969 F.2d 534, 540 (7th Cir. 1992) (citing Warmoth v. Bowen, 798 F.2d 1109, 1112 [7th Cir. 1986]).

Review of the Commissioner's decision is limited. Scheck v. Barnhart, 357 F.3d 697, 699 (7th Cir. 2004). The Social Security Act specifically provides that the findings of the Commissioner as to any fact, if supported by substantial evidence, shall be conclusive. Jones v. Shalala, 10 F.3d 522, 523 (7th Cir. 1993); see 42 U.S.C. § 405(g). "Although a mere scintilla of proof will not suffice to uphold an ALJ's findings, the substantial evidence standard requires no more than such relevant evidence as a reasonable mind might accept as adequate to

support a conclusion." Blakes ex rel. Wolfe v. Barnhart, 331 F.3d 565, 568 (7th Cir. 2003); see also, Zurawski v. Halter, 245 F.3d 881, 887 (7th Cir. 2001).

In reviewing the decision of the Commissioner, this court is obligated to review all the evidence contained in the record and such review "must be more than an uncritical rubber stamp." Delgado v. Bowen, 782 F.2d 79, 82 (7th Cir. 1986). This court may not decide the facts anew, reweigh the evidence, or substitute its own judgment for that of the Commissioner. Powers v. Apfel, 207 F.3d 431, 434 (7th Cir. 2000). However, even if substantial evidence supports the Commissioner's findings, this court may reverse if the ALJ committed an error of law. White ex rel. Smith v. Apfel, 167 F.3d 369, 373 (7th Cir. 1999).

## **ANALYSIS**

In this case, the ALJ conducted the standard five-step evaluation process, as set forth by the Commissioner, to determine whether the plaintiff is disabled. The ALJ considered whether the plaintiff is currently engaged in substantial gainful activity; whether the plaintiff has a severe impairment; whether the plaintiff's impairment meets or equals one of the impairments listed in the regulations of the Social Security Administration; whether the plaintiff could perform his past relevant work; and whether the plaintiff could make adjustment to other work in the community. The ALJ proceeded through all five steps of the analysis and concluded that: (1) the plaintiff has not engaged in substantial gainful activity; (2) the plaintiff's impairments are severe; (3) the plaintiff's impairments do not meet or equal one of the impairments listed in the regulations; (4) the plaintiff is unable to perform his past relevant work; and (5) the plaintiff could, in fact, make the adjustment to work at a number of jobs which exist in the national economy in significant numbers. (Tr. 24-7).

On appeal, the plaintiff contends that the ALJ erred by finding that the plaintiff did not have an impairment or combination of impairments that meets or equals one of the listed

-5-

impairments in 20 C.F.R. Pt. 404, Subpt. P, App. 1. The plaintiff further contends that the findings of the ALJ are not supported by substantial evidence. The plaintiff also argues that "the ALJ failed to properly consider the plaintiff's statements regarding pain, credibility and non-exertional limitations." (Plaintiff's Memorandum in Opposition of the Commissioner's Decision [Plaintiff's Memorandum] at 6). The court will discuss each argument.

The ALJ determined that the plaintiff has chronic obstructive pulmonary disease (COPD) and diabetes mellitus which qualify as severe impairments. 20 C.F.R. § 404.1520(c). However, the ALJ further determined that the plaintiff does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments in 20 C.F.R. Pt. 404, Subpt. P, App. 1 (the Listings), in particular Listing 3.02. The ALJ made this determination based on the medical evidence which demonstrated that while the plaintiff has COPD with a pulmonary function study at listing level pre-bronchodilator, the plaintiff had good recovery post-bronchodilator. (Tr. 25). Thus, the plaintiff's COPD did not meet or equal section 3.02 of the Listings for chronic pulmonary insufficiency. Id.

Listing 3.02(A) requires COPD, due to any cause, with the FEV-1[2] (forced expiratory volume), as measured by a pulmonary function test, equal or less than 1.55. See 20 C.F.R. Pt. 404, Subpt. P, App. 1, § 3.02(A). Pulmonary function tests are designed to provide an objective measurement of pulmonary disability. Switzer v. Heckler, 742 F.2d 382, 384 (7th Cir. 1984) (citing 9 Am. Jr. Proof of Facts 649 [1961]). To evaluate a disability claim under § 3.02(A), the Listings instruct that the FEV-1 value used "should represent the largest of at least three satisfactory forced expiratory maneuvers." 20 C.F.R. Pt. 404, Subpt. P, App. 1,

---

[2] FEV stands for "forced expiratory volume" and "is the volume of air that a person can breathe out during a limited period, after taking a deep breath and blowing as hard as possible." Switzer, 742 F.2d at 384 n. 3 (citing D. Morton, Medical Proof of Social Security Disability, § 2.4 [1983]). FEV-1 is the volume of air exhaled in one second. Switzer, 742 F.2d at 384, n. 4.

-6-

§ 3.00(E). The largest value among the test results is to be used, whether that value is from the plaintiff's test pre-bronchodilator or post-bronchodilator. Id.

In order to reach the determination that the plaintiff's COPD did not meet the Listing level, the ALJ relied on a pulmonary function study performed on May 20, 2003, which showed severe obstructive ventilatory impairment with improvement post-bronchodilator. (Tr. 25, citing Exh. 12F [Tr. 216]). The ALJ also relied on a subsequent pulmonary function study done on October 20, 2003, which demonstrated severe chronic obstructive pulmonary disease with airtrapping but normal diffusion. The study noted very marked improvement in air flow in the post-bronchodilator spirogram. (Tr. 25 citing Exh. 16F [Tr. 253]). The plaintiff's FEV-1 values following treatment with a bronchodilator were greater than 1.55. Thus, the two studies conclusively demonstrate that the plaintiff's pulmonary impairment did not meet or medically equal the requirements of Listing 3.02.

The plaintiff does not dispute the findings of these two pulmonary function studies on May 20, 2003 and October 20, 2003. However, the plaintiff argues that the ALJ failed to discuss the pulmonary function study performed on October 23, 2002, and consequently erred in making his step three finding.

The study referred to by the plaintiff is a one-page summary of pulmonary testing which was performed at St. Mary's Hospital in Racine, Wisconsin. (Tr. 186). As persuasively argued by the government, this one-page report falls far short of the requirements necessary to satisfy Listing 3.02. See Memorandum in Support of the Commissioner's Decision at 9. For example, this report fails to indicate whether bronchodilators were administered as required by Listing 3.02(A) and fails to report the three FEV-1 and FVC values required for a valid pulmonary function test under Listing 3.02(A). Consequently, the October 2002 report could not be used to determine whether the plaintiff met the requirements of Listing 3.02.

-7-

Although the ALJ's decision does not discuss this report, the ALJ need not provide a "complete written evaluation of every piece of testimony and evidence." Diaz v. Chater, 55 F.3d 300, 308 (7th Cir. 1995). Although a mere scintilla of proof will not suffice to uphold an ALJ's finding, the substantial evidence standard requires no more than such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. Blakes, 331 F.3d at 568. The court concludes that the ALJ reasonably determined, based on substantial evidence, that the plaintiff's COPD did not meet Listing 3.02.

The ALJ also determined that the plaintiff has the residual functional capacity to perform medium work. (Tr. 25). This finding was based upon the opinion of a state agency physician, objective medical evidence and the plaintiff's report of his daily activities. On June 9, 2003, a state agency physician performed a Physical Residual Functional Capacity Assessment and concluded that the plaintiff could perform medium work with no non-exertional limitations. In particular, the physician determined that the plaintiff could occasionally lift 50 pounds, frequently lift 25 pounds, stand and/or walk about six hours in an eight-hour workday with normal breaks and sit about six hours in an eight-hour workday with normal breaks. (Tr. 222-29). The ALJ reasonably gave controlling weight to the opinion of the state agency physician given that the medical evidence did not document any work limitations. (Tr. 26).

The ALJ further discussed the medical record evidence that indicates that the plaintiff is not totally disabled for all work activities. The ALJ noted the plaintiff's hospitalization, medical examinations and X-rays. For example, a physical examination on April 2, 2001, revealed occasional wheezes. The plaintiff reported that his lungs were reasonably good since his hospitalization in March of 2001 and that he had been doing heavy lifting within the past few months. (Tr. 178). In an October 8, 2003, progress report from the Milwaukee Veterans Affairs Medical Center, the plaintiff reported no complaints related to COPD. (Tr. 307). In a

February 16, 2006, report, the plaintiff denied shortness of breath or chest tightness. (Tr. 279). The medical evidence upon which the ALJ relied demonstrates that the plaintiff's physical examinations were generally normal. See Tr. 171, 173A, 189, 205-07, 279-81, 284, 287. Moreover, the pulmonary function studies discussed above demonstrate that the plaintiff's condition improves with treatment as noted by the ALJ.

The ALJ also discussed the plaintiff's own testimony which indicates he is engaged in daily activities. The plaintiff performs chores around the house such as washing the dishes, helping with the laundry and vacuuming. He visits his mother-in-law, runs errands and grocery shops. (Tr. 332-34). The plaintiff states that he can lift 15 pounds, stand 15 minutes, walk one to two blocks and sit for 20 to 25 minutes. (Tr. 326, 335-36). Based upon a review of the entire record, the ALJ reasonably found that the plaintiff could perform medium work despite his pulmonary symptoms.

The plaintiff argues that the ALJ erred in finding the plaintiff's subjective complaints not credible. The ALJ stated that "[a]fter considering the evidence of record, the undersigned finds that the claimant's medically determinable impairments could reasonably be expected to produce the alleged symptoms, but that the claimant's statements concerning the intensity, duration and limiting effect of these symptoms are not entirely credible." (Tr. 26). The ALJ's credibility determination is entitled to special deference because the ALJ is in the "best position to see and hear the witnesses and assess their forthrightness." Powers v. Apfel, 207 F.3d 431, 435 (7th Cir. 2000). Accordingly, an ALJ's credibility determination will not be disturbed unless the plaintiff can show that it was patently wrong. Diaz, 55 F.3d at 308.

In this case, the ALJ provided specific reasons for his credibility finding. The ALJ noted that the plaintiff's COPD was controlled with medication and that despite the plaintiff's pulmonary impairments, the plaintiff was actively engaged in daily activities. The ALJ also

-9-

discussed that the plaintiff had not required hospitalization since March 2001, and that his physical examinations have been normal. (Tr. 26). Thus, the ALJ adequately considered the relevant factors in making his credibility determination and based his determination upon the objective evidence. Upon due consideration, the court concludes that the ALJ's credibility assessment is not patently wrong and, moreover, is supported by the evidence in the record. Therefore, it must be upheld. See Zurawski, 245 F.3d at 887 (citing Powers, 207 F.3d at 435).

The ALJ also determined that while the plaintiff is unable to perform any past relevant work, given the plaintiff's age, education, work experience and residual functional capacity, there are jobs that exist in significant numbers in the national economy that the plaintiff could perform. Herman Litt, a vocational expert, testified and opined that a person who could lift 25 pounds frequently and up to 50 pounds occasionally, stand and walk for six hours and who needed to avoid exposure to temperature extremes, concentrated humidity, fumes and airborne irritants could perform work as a hand packager (500 jobs regionally and 190,000 jobs nationally), dietary aide (600 jobs regionally and 240,000 jobs nationally) and kitchen helper (700 jobs regionally and 275,000 jobs nationally). (Tr. 347-48). Based on the testimony of the vocational expert, the ALJ reasonably determined that the plaintiff is capable of making a successful adjustment to other work that exists in significant numbers in the national economy.

In sum, the ALJ properly evaluated the evidence in the record and adequately articulated his reasons for denying the plaintiff's claim for disability benefits. Accordingly, the court concludes that substantial evidence supports the ALJ's conclusion that the plaintiff is not disabled. Therefore, the plaintiff's appeal will be denied.

# **ORDER**

**NOW, THEREFORE, IT IS ORDERED** that the plaintiff's appeal be and hereby is **denied**.

**IT IS FURTHER ORDERED** that this case be and hereby is **dismissed**.

**IT IS ALSO ORDERED** that the Clerk of Court be and hereby is directed to enter judgment accordingly.

Dated at Milwaukee, Wisconsin, this 7th day of December, 2007.

BY THE COURT:

s/Patricia J. Gorence
PATRICIA J. GORENCE
United States Magistrate Judge